IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

SLOAN'S CLEMATIS, INC., f/k/a
SLOAN'S INC., a Florida Corporation

    Plaintiff,

v.

**JURY DEMANDED**

NL GROUP INC., a Texas Corporation

    Defendant.
_____/

## COMPLAINT

Plaintiff, SLOAN'S CLEMATIS, INC., f/k/a SLOAN'S INC., ("PLAINTIFF" or "SLOAN'S") by and through undersigned counsel, hereby files this Complaint against Defendant, NL GROUP INC., ("DEFENDANT") for injunctive relief and damages and states as follows:

## INTRODUCTION

PLAINTIFF is the owner and operator of the internationally known restaurant chain "SLOAN'S" which was established in 1999. SLOAN'S currently has nine brick-and-mortar locations throughout the United States and continues to grow and expand. SLOAN'S owns U.S. Trademark Registration Nos. 3666434 ("434 Word Mark"), 2523569 ("'569 Stylized Mark"*)*, and 4098741 ("'741 Graphic Mark") (Collectively "Trademarks") and has been using its trademarks in conjunction with the goods and services[1] in international classes 030[2], and 043[3], for nearly twenty-five years. SLOAN's has gained international

---

[1] These trademarks are also registered in class 025 and 035 which are not at issue in this matter.
[2] Class 030 for frozen desserts, namely sorbet, ice cream, and frozen yogurt; bakery goods, namely cookies, pastries and candy; chocolate; chocolate covered nuts; chocolate covered pretzels.
[3] Class 043 for carry out and eat-in restaurants featuring ice cream, desserts and snack food.

recognition and has invested significant time and money in building and protecting its brand and the associated goodwill.

In approximately 2019, Defendant opened a restaurant known as "Sloane's Corner" in Dallas, Texas ("Defendant's Restaurant"). The Defendant's Restaurant utilizes the logo "Sloane's Corner" which is a confusingly similar version of Plaintiff's trademark and font style ("Infringing Use"). Further, the Defendant's Restaurant expressly features restaurant services including eat-in and carry-out options, desserts, snacks, and ice cream.

On or about August 22, 2022, Defendant attempted to register the mark "Sloane's Corner" with the United States Patent and Trademark Office ("USPTO"). *See Exhibit A.* On or about June 13, 2023, the USPTO sent Defendant a non-final office action refusing registration based on a likelihood of confusion with each of the Trademarks. *See Exhibit B.* Defendant attempted to overcome the refusal and presented arguments, however, the USPTO disagreed and, on October 5, 2023, stood with its refusal of the mark **based on the likelihood of confusion with Plaintiff's Trademarks**. *See Exhibit C.* On or about November 24, 2023, Defendant requested an Extension of Time for Response to Office Action. *See Exhibit D.* On the same day, Defendant began emailing Plaintiff's former counsel with requests to obtain a Letter of Consent from Plaintiff. *See Exhibit E.* After Plaintiff's refusal to consent to Defendant's use, Defendant ultimately abandoned the application on or about April 19, 2024. *See Exhibit F.* Notwithstanding the refusal and advisement of the Plaintiff's Trademarks, Defendant continues to **willfully infringe** on the Trademarks.

Plaintiff attempted to remedy the outstanding issues prior to seeking court

intervention but Defendant and Defendant's Restaurant continued to willfully infringe on Plaintiff's intellectual property rights.

## PARTIES

1. Plaintiff, SLOAN's, is a Florida Corporation with its principal place of business located at 112 Clematis Street, West Palm Beach, Florida 33401.

2. Defendant is a Texas Corporation with a principal place of business located at 25 Highland Park Village, Suite 100-580, Dallas, TX 75205.

3. Defendant owns and operates Defendant's Restaurant which has a physical location of 2001 Ross Ave., Suite 125, Dallas, TX 75201.

## JURISDICTION AND VENUE

4. This is an action for (i) trademark infringement under 15 U.S.C. § 1114 of the Lanham Act and (ii) unfair competition and false description under 15 U.S.C. §1125(a) of the Lanham Act.

5. This Court has subject matter jurisdiction under 28 U.S.C. §§1331, 1338, and 1367 as this action arises under Acts of Congress relating to trademarks.

6. Further, this Court has jurisdiction under 28 U.S.C. §1332 as Plaintiff is domiciled in the State of Florida while Defendant is a Texas Corporation and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

7. This Court has personal jurisdiction over Defendant as it is a registered entity within the State of Texas.

8. Venue is proper in this District under 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims occurred in this District.

## BACKGROUND FACTS

A. **Plaintiff's Background and Trademarks**

9. Plaintiff owns and operates an internationally known novelty ice cream company that provides nationwide shipping as well as physical locations throughout the United States.

10. In addition to its landmark locations, Plaintiff also has numerous franchise locations throughout the world and is continuously growing and expanding into new markets across the United States, including opening a Dallas, Texas location.

11. Plaintiff registered the '434 Word Mark, '569 Stylized Mark, and '741 Graphic Mark, (collectively "Trademarks") beginning in 1999 and has continuously used each of the Trademarks in commerce.

12. Plaintiff has gained both national and international recognition in the restaurant and food industries for its numerous flavors and award-winning ice cream, extravagant sundaes, desserts, snacks and treats.

13. Plaintiff's Trademarks provide the exclusive right to use the mark nationwide in connection with its registered goods and services.

B. **Defendant and Infringing Use of Trademarks**

14. Defendant has opened Defendant's Restaurant which includes eat-in and carry out restaurant services as well as desserts, snacks, and ice cream. *Exhibit G.*

15. At least as early as June 13, 2023, Defendant was aware of Plaintiff's name and Trademarks.

16. On or about April 1, 2024, counsel for Plaintiff sent a cease-and-desist letter to Defendant advising Defendant and Defendant's Restaurant of its infringing use and requested Defendant cease all Infringing Use of the Trademarks. *Exhibit H.*

17. On or about April 8, 2024, this aforementioned letter was delivered, and a courtesy copy was also sent via email on April 2, 2024 to kim@richardlawgroup.com, the email address for the attorney listed on Defendant's trademark application. *Exhibit I.*

18. Defendant responded to the letter on or about April 8, 2024, using the identical argument it previously presented to the USPTO to overcome the likelihood of confusion. *Exhibit J.*

19. On or about June 3, 2024, Plaintiff sent a final demand letter, reminding Defendant that its assertion that it was "not infringing" is unfounded and requested, again, that Defendant's Restaurant cease and desist using the Trademarks. *Exhibit K.*

20. On or about June 7, 2024, this second letter was delivered via email to kim@richardlawgroup.com, the email address for the attorney listed on Defendant's trademark application. *Exhibit L.*

21. Defendant responded to the letter on or about June 7, 2024, denying infringement and Plaintiff's demands and insisting on coexistence of the two marks against Plaintiff's express denial of consent to same. *Exhibit M.*

22. Defendant and Defendant's Restaurant's ongoing and continued use of the Trademarks has been willful and intentional.

23. Defendant was aware that Plaintiff expressly objected to the use of its Trademarks in any manner by Defendant or Defendant's Restaurant.

24. Defendant and Defendant's Restaurant includes use of the mark and the trade name in its advertising and promotion of Defendant's Restaurant, as well as on social media.

25. Defendant is attempting to capitalize on the long-standing goodwill and

international fame of Plaintiff's Trademarks.

26. Defendant's unlawful conduct has caused and will continue to cause irreparable harm to Plaintiff for which there is no adequate remedy at law.

27. Plaintiff has retained the undersigned counsel and agreed to pay reasonable attorneys' fees and costs for their services.

28. All conditions precedent to the bringing of this action have occurred, been waived, or have been performed.

## COUNT I
## TRADEMARK INFRINGEMENT
### (15 U.S.C. § 1114)

29. Plaintiff reasserts and realleges paragraphs 1-28 as if fully stated herein.

30. This is an action for federal trademark infringement against Defendant regarding its use of Plaintiff's Trademarks.

31. Defendant's use of the Trademarks in connection with carry out and eat-in restaurants, desserts, including ice cream, and other snacks are likely to cause confusion among consumers.

32. Defendant and/or its agents authorized, condoned, directed, and participated in the decision to utilize the Trademarks in connection with the registered goods and services – even after notice of the registered Trademarks was provided by the first Office Action on or about June 13, 2023, thus all continued use is willful.

33. Defendants' actions, as set forth herein, constitute infringement of Plaintiff's trademark registrations in direct violation of the Lanham Act, 15 U.S.C. § 1114(1).

34. Defendants have acted with actual knowledge of Plaintiff's registration of its Trademarks and with **deliberate** intention to confuse consumers, or willful blindness to

Plaintiff's rights.

35. Defendants have made and will continue to make substantial profits and/or gains to which they are not entitled through the use of the Trademarks.

36. As a direct and proximate result of Defendant's acts, Plaintiff has been and will continue to be irreparably harmed and damaged in an amount to be determined at trial.

37. Plaintiff's irreparable injury will continue unless Defendant is permanently enjoined from further violation of Plaintiff's rights, for which Plaintiff has no adequate remedy at law.

38. The foregoing acts of infringement by Defendants in appropriating the Trademarks have been and continue to be deliberate, willful and wanton, making this an exceptional case within the meaning of 15 U.S.C §1117.

39. Plaintiff is entitled to a preliminary and permanent injunction against Defendant, as well as all other monetary remedies and damages available under the Lanham Act, including, but not limited to, compensatory damages, treble damages, disgorgement of profits, and attorney's fees.

## COUNT II
## FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION
### (15 U.S.C. § 1125(a))

40. Plaintiff reasserts and realleges paragraphs 1-28 as if fully stated herein.

41. Each of the Trademarks are entitled to **nationwide** protection under the Lanham Act.

42. Defendant has used the Trademarks in connection with near identical goods and services.

43. Defendants' use of the Trademarks is likely to result in confusion, mistake, and deception among consumers as to the source of the goods and services.

44. Defendant has used the mark and trade name in conjunction with its advertising and promotion of the Defendant's Restaurant and also through its social media use which has a national reach.

45. Defendants' <u>deliberate and willful conduct</u> is likely to result in continued consumer confusion.

46. Defendants' use of a trade name and logo which is confusingly similar to Plaintiff's Trademarks in connection with identical or highly similar goods and services has, and will continue to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff.

47. Defendant's actions constitute a false and/or misleading description about a potential connection between Plaintiff's goods and services that are material, to wit that Defendant is Plaintiff's representation in Texas.

48. Defendant's actions, as set forth herein, constitute false designation of origin and unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a).

49. Defendant has made and will continue to make substantial profits and/or gains to which they are not entitled.

50. As a direct and proximate result of Defendant's acts, Plaintiff has been and will continue to be irreparably harmed and damaged in an amount to be proven at trial.

51. Plaintiff's irreparable injury will continue unless Defendant is permanently enjoined from further violation of Plaintiff's intellectual property rights, for which Plaintiff has no adequate remedy at law.

52. Defendants' acts of unfair competition are willful, and this is an exceptional case within the meaning of 15 U.S.C. §1117.

53. Plaintiff is entitled to a preliminary and permanent injunction against Defendant, as well as all other monetary remedies available under the Lanham Act, including, but not limited to, compensatory damages, treble damages, disgorgement of profits, and reasonable costs and attorney's fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays the Court enter judgment against Defendant as follows:

a. For an award of actual damages in an amount to be determined at trial;

b. For an accounting of Defendant's profits;

c. For a judgment that Defendant's actions have been intentional and willful;

d. For reasonable attorney fees and costs under 15 U.S.C. §1117;

e. For pre-judgment interest on all amounts claimed as permitted by law;

f. For an order enjoining Defendants from using, displaying, or sharing any of the Plaintiff's trademarks in commerce;

g. For other such further and different relief this Court may deem proper under the circumstances

[SIGNATURE ON FOLLOWING PAGE]

Dated: August 28, 2024

Respectfully Submitted,

Stephen W. Kotara
Texas Bar No. 11693200
skotara@curnutthafer.com
Curnutt & Hafer, LLP
301 W. Abram St.
Arlington, TX 76010
Telephone:   (817) 548-1000


By: /s/LORRI LOMNITZER
Lorri Lomnitzer
Florida Bar No. 37632
Lorri@Lomnitzerlaw.com
/s/KELLY ANN M. DESROSIERS
Kelly Ann M. desRosiers
Florida Bar No. 1017878
Kelly@Lomnitzerlaw.com
The Lomnitzer Law Firm, P.A.
7999 N Federal Hwy. Suite 202
Boca Raton, FL 33487
Telephone: (561) 953-9300
Direct: (561) 953-9301
*Attorneys for Plaintiff*